IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW ALLAM,                              :
       Plaintiff                           :
                                                :
       vs.                                 :      CIVIL NO. 1:CV-11-0732
                                                :
MARK E. MOULTON,                     :
       Defendant                         :

*M E M O R A N D U M*

Plaintiff, Andrew J. Allam, Sr., an inmate at SCI-Camp Hill filed this civil rights action alleging, among other things, that his attorney during his criminal case and proceedings before the juvenile court violated his Sixth Amendment and Due Process rights. Plaintiff is proceeding in forma pauperis, so under 28 U.S.C. § 1915(e)(2)(B), we examine the complaint for legal sufficiency before allowing the case to proceed. In doing so, we will dismiss plaintiff's action because the facts as alleged do not plead a cause of action under section 1983.

Under 28 U.S.C. § 1915(e)(2)(B), the court upon its own review may dismiss a complaint filed in forma pauperis. It may do so if the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* In applying this statutory screening requirement for failure to state a claim, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in Plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[M]ore than labels and conclusions" are required. *Id.* at 555.

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1987); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).[1]

It is well established that "attorney's performing their traditional functions will not be considered state actors" for purposes of a section 1983 action. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Likewise, a public defender is not a state actor when he or she is performing the traditional functions of legal counsel representing a defendant during criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445 (1981). In order to plead a sufficient section 1983 claim, the plaintiff must allege that his attorney acted under color of state law. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010). "A person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state. *Angelico*, 184 F.3d at 277 (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. at 937).

---

[1] Section 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.... 42 U.S.C. § 1983.

Plaintiff's complaint clearly demonstrates that his attorney was representing him and performing the usual functions of legal counsel during proceedings before the criminal and juvenile courts.  Thus, he has failed to sufficiently allege that his attorney was a state actor.

We will issue an appropriate order.

/s/William W. Caldwell<br>William W. Caldwell<br>United States District Judge

Date: May 2, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW ALLAM, | : |
|     Plaintiff | : |
| | : |
| vs. | :   CIVIL NO. 1:CV-11-0732 |
| | : |
| MARK E. MOULTON, | : |
|     Defendant | : |

*O R D E R*

AND NOW, this 2nd day of May, 2011, upon review of the complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered that plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.  His motions to proceed in forma pauperis (docs. 2 & 5) are granted.

        /s/William W. Caldwell
        William W. Caldwell
        United States District Judge